IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER PRINCE,

        CASE NO. 2:20-CV-4102
   Petitioner,        CHIEF JUDGE ALGENON L. MARBLEY
        Magistrate Judge Chelsey M. Vascura

   v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

   Respondent.

ORDER and
REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis* with an attached prison account statement. (ECF No. 1.) Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." If it does so appear, the petition

must be dismissed.  *Id*.  For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

## I.     BACKGROUND

Petitioner challenges his continued incarceration as constitutionally invalid, in violation of due process and the Eighth Amendment, based on the impact of the COVID-19 pandemic on prison conditions.  Petitioner states that he is at high risk for complications due to underlying health issues.  He also indicates that he has already recovered, or is in the process of recovering, from COVID-19.  He complains that the prison has failed to implement adequate social distancing guidelines or masking and acted with deliberate indifference to the health needs of prisoners.  The Ohio Department of Rehabilitation and Corrections' website indicates that Petitioner is serving a term of two years on charges of drug trafficking and possession of drugs.  His sentence expires on February 11, 2021.  Petitioner states that he has filed a motion for judicial release but does not indicate that he has otherwise pursued relief in the state courts or exhausted administrative remedies.  He has filed a request for declaratory judgment and injunctive relief.

## II.    EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim.  28 U.S.C. § 2254(b), (c).  Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement.  *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990).

District courts within this Circuit have found that the exhaustion requirement applies to habeas corpus petitions pursuant to 28 U.S.C. § 2241 in which COVID-19 is the backdrop for the relief sought. *See, e.g., Blumling v. United States*, No. 4:19-cv-2587, 2020 WL 433006, at *8 (N.D. Ohio July 28, 2020) (citing *Cottom v. Williams*, No. 4:20-cv-574, 2020 WL 2933574 at *1 (N.D. Ohio June 3, 2020)); *Bronson v. Carvaljal*, No. 4:20-cv-914, 2020 WL 2104542 at *2 (N.D. Ohio May 1, 2020) ("The Court finds that the prudential concerns surrounding the enforcement of the exhaustion requirement for motions brought pursuant to 28 U.S.C. § 3582 apply equally to habeas petitions seeking similar relief under 28 U.S.C. § 2241."); *Singleton v. Williams*, No. 4:20-cv-961, 2020 WL 2526990 at *1 (N.D. Ohio May 18, 2020) ("This court agrees with other district courts that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief due to COVID-19 circumstances whatever the statutory basis for their claim (i.e., whether they seek relief under § 2241 or 18 U.S.C. § 3582.)"); *Simmons v. Warden, FCI-Ashland*, No. 0:20-040-WOB, 2020 WL 1905289 at *3 (E.D. Ky. Apr. 17, 2020) (denying without prejudice defendant's habeas petition, pursuant to 28 U.S.C. § 2241, for immediate release due to COVID-19 for failure to exhaust administrative remedies); *Burke v. Hall*, No. 3:19-cv-01108, 2020 WL 553727 at *1 (M.D. Tenn. Feb. 4. 2020) (denying without prejudice § 2241 habeas petition seeking immediate release because it was "apparent on the face of Burke's . . . petition that he did not exhaust his administrative remedies").

> Exhaustion serves the laudable goals of (1) protecting "administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, preserving both judicial resources and administrative autonomy; and (2) promoting efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *See Woodford v. Ngo,* 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (citing *McCarthy v. Madigan,* 503 U.S. 140, 145, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992)).

*Bronson v. Carvaljal*, No.4:20-cv-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020).

> The BOP has outlined the relevant administrative exhaustion process in its Program Statement No. 5050.50 *See* U.S. Department of Justice, Federal Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 35832 and 4205(g) (Jan. 17, 2009) http://www.bop.gov/policy/progstat/5050_050_EN.pdf. First, a request for a release/reduction in sentence must be submitted to the warden. 28 C.F.R. § 571.61(a). If the warden denies the request, he must do so in writing and the defendant may appeal the decision pursuant to the BOP's Administrative Remedy Procedure. 28 C.F.R. § 571.63(a) (citing 28 C.F.R. part 542, subpart B).

*Id.*

Petitioner does not indicate that he has pursued any administrative remedies. This action must therefore be dismissed without prejudice as unexhausted.

### III.   DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice as unexhausted and that Petitioner's request for a declaratory judgment and injunctive relief be **DENIED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

        /s/ *Chelsey M. Vascura*
        CHELSEY M. VASCURA
        UNITED STATES MAGISTRATE JUDGE